IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY LEE CARTER, and | ) | Case No. 08-51000 |
| DONNA PHILLIPS CARTER, | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on December 10, 2008 upon the Motion to Employ Special Counsel (the "Motion to Employ"), filed on August 11, 2008 by the above-referenced debtors (the "Debtors"). At the hearing, John A. Meadows appeared on behalf of the Debtors, Thomas C. Newlin appeared on behalf of Fleschner, Stark, Tanoos & Newlin (the "Fleschner Firm"), and Michael D. West appeared in his capacity as the United States Bankruptcy Administrator.

On August 11, 2008, the Debtors filed the Motion to Employ, asking the Court to approve special counsel for the purpose of prosecuting a Social Security disability claim on behalf of the Female Debtor. The Motion to Employ sought the authority to engage both Crumley and Associates (the "Crumley Firm"), a law firm in Greensboro, North Carolina, and the Fleschner Firm, a law firm in Terre Haute, Indiana. At the first hearing on September 17, 2008, the Court addressed several issues concerning the relationship between the Crumley Firm and the Fleschner Firm as it pertained to the proposed representation. The Court continued the hearing to October 15, 2008, to allow the Debtors' counsel to obtain further information. At the October 15, 2008, the Court had additional questions concerning the proposed representation and

1

again continued the hearing so that the Debtors could present more information.  On December 10, 2008, the final hearing was held.  Upon consideration of the Motion to Employ, the evidence presented at the hearing, the arguments of the parties, the relevant law, and the entire official file, the Motion to Employ will be denied.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

The Social Security disability claim of the Female Debtor arose in February of 2008.  On June 12, 2008, the Female Debtor entered into an agreement to employ both the Crumley Firm and the Fleschner Firm.  On June 17, 2008, the Debtors filed this Chapter 13 bankruptcy.

According to the testimony of Mr. Newlin of the Fleschner Firm, the Crumley Firm has a relationship with the Fleschner Firm whereby the Crumley Firm performs "client intake" services and opens a file on the Fleschner Firm's computer system. The Fleschner Firm then performs the remaining legal work for the client.  The Fleschner Firm has an associate attorney that has an office in the same building as the Crumley Firm.  For the task of finding the client, the Crumley Firm receives a finder's fee of twenty percent of any attorney fee collected.  The remaining eighty percent of the fee is paid to the Fleschner Firm.

## III.  DISCUSSION

Under Section 504(a), a person receiving compensation under Section 503(b)(2) may not share or agree to share compensation or reimbursement with another person.[1]  Section 503(b)(2) provides an administrative expense for compensation and reimbursement awarded under Section 330(a).  Under Section 330(a), a court may award reasonable compensation for actual, necessary services performed by a professional person under Section 327.   In the present case, the Female Debtor seeks to employ two law firms pursuant to Section 327 to serve as special counsel.  As described above, the law firms have a fee sharing agreement.  Such a fee sharing agreement violates Section 504(a).  E.g., Golberg v. Vilt (In re Smith), No. 07-9002, slip op. at 5 (Bankr. E.D. Tex. Oct. 20, 2008) (fee-splitting arrangement agreed to prior to filing of bankruptcy violates Section 504); In re ACandS, 297 B.R. 395, 405 (Bankr. D. Del. 2003) (firm violated Section 504 by splitting fee with subsidiary); In re Palladino, 267 B.R. 825, 832 (Bankr. N.D. Ill. 2001) (firm violated Section 504 by splitting fees with unauthorized counsel).

### IV. CONCLUSION

Pursuant to Section 327, the Debtors seek to retain both the Crumley Firm and the Fleschner Firm in an arrangement in which they share or split the proposed attorney fee.  Because Section 504(a) forbids a professional employed under Section 327 from sharing compensation, the Motion to Employ will be denied, but without prejudice.  If the Debtors wish to employ only one law firm as special counsel, then they may file a further motion seeking such authority.

---

[1] Section 504(a) provides: "Except as provided in subsection (b) of this section, a person receiving compensation or reimbursement under section 503 (b)(2) or 503 (b)(4) of this title may not share or agree to share (1) any such compensation or reimbursement with another person; or (2) any compensation or reimbursement received by another person under such sections."  11 U.S.C. § 504(a).

This opinion constitutes the Court's findings of fact and conclusions of law. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JIMMY LEE CARTER, and | ) | Case No. 08-51000 |
| DONNA PHILLIPS CARTER, | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |

**PARTIES IN INTEREST**

Jimmy and Donna Carter

John A. Meadows

Crumley and Associates

Thomas C. Newlin

Kathryn L. Bringle, Trustee

Michael D. West, Bankruptcy Administrator